## STATE v. TRESEDER

No. 4329.   Decided March 17, 1926.   (244 P. 654.)

1. WITNESSES—PARTY MAY NOT IMPEACH HIS OWN WITNESS, AND, IF SURPRISED BY TESTIMONY, MAY, WITHIN COURT'S DISCRETION, CROSS-EXAMINE WITNESS AND INTERROGATE HIM AS TO PRIOR INCONSISTENT STATEMENTS, BUT MAY NOT CALL OTHER WITNESSES TO REBUT DENIAL THEREOF.  In absence of statute, party may not impeach his own witness, and, if surprised by testimony, he may, within court's sound discretion, cross-examine witness, put leading questions to him, refresh his memory, and even interrogate him as to prior inconsistent statements, but ordinarily, if witness denies making such statements, may not call witnesses to show that they were made. [1]

2. WITNESSES—THAT DISTRICT ATTORNEY CALLING WITNESSES WAS INFORMED THAT THEY WOULD TESTIFY TO CERTAIN MATTERS IS NO BASIS FOR CLAIM OF SURPRISE BY THEIR FAILURE TO DO SO, SO AS TO JUSTIFY INTERROGATING HIM AS TO FAVOR STATEMENTS.  That district attorney calling witnesses was informed that they would testify to certain matters is no basis for claim of surprise by their failure to do so, so as to justify him in interrogating them as to prior inconsistent statements or putting in contradictory evidence, in absence of claim that he was misled, deceived, or entrapped by them, or even that they were hostile.

Appeal from District Court, Second District, Weber County; *George E. Barker,* Judge.

Lloyd Treseder was convicted of carnal knowledge of a female 17 years of age, and he appeals.

[1] *State* v. *Scott*, 188 P. 860, 55 Utah, 553, 25 A. L. R. 497, distinguished.

Corpus Juris-Cyc. References.

[1] Witnesses 40 Cyc. p. 2431 n. 48; p. 2449 n. 79; p. 2476 n. 33; p. 2559 n. 65; p. 2560 n. 68; p. 2694 n. 10; p. 2695 n. 12; p. 2697 n. 20; p. 2698 n. 26; p. 2699 n. 32.

[2] Witnesses 40 Cyc. p. 2696 n. 16.

REVERSED and REMANDED for new trial.

*George C. Buckle,* of Salt Lake City, and *H. A. Soderberg,* of Ogden, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *L. A. Miner,* Asst. Atty. Gen., for the State.

STRAUP, J.

The defendant was convicted of the offense of carnal knowledge of a female 17 years of age and appeals. She testified to the commission of the offense by the defendant. He denied it. She testified that the defendant and two other young men called at her mother's apartment in Ogden, and that she and they went riding in the evening in an automobile expecting to get other young girls to join them. They called on some girls, but they declined to go. She testified that after they drove around awhile the defendant and one of the other young men left the automobile, and that she had illicit relations with the other young man, who remained in the automobile. Thereafter the defendant and the other young men with him returned, when they all again went riding. Finally the three men, including the defendant, left the automobile pretending to go for water for the radiator and left her alone in the car, but in a few minutes the defendant returned alone and compelled her, so she testified, against her will to submit to illicit relations with him on the rear seat of the automobile. She testified that she was acquainted with the other young men, but not with the defendant until that evening, when he was introduced to her as "Trixie West." The defendant testified he was not with the party at all; that he was not even acquainted with and never had met the prosecutrix.

In its case in chief the state called a witness, one of the young girls who was asked to go out with the party but did not go, who testified that she was acquainted with the defendant, and that when the parties called on her she went out to the car where they were. Then she was asked if she

saw the defendant there, and answered she did not.   On being further interrogated she stated who the parties were, except one whom she did not know and who was introduced to her as West, but that he was not the defendant.   On cross-examination she testified she was acquainted with the defendant for about a year, but did not notice him in the automobile.   Then on redirect she was asked by the state if she had not stated to several persons, naming them, that she was introduced to the defendant on that occasion as West, and, over objections on behalf of defendant, answered that she had not; that what she told them was that she was introduced to one of the young men as West, but that it was not the defendant.

The state called another witness, one of the young men with the party on the occasion in question, who, after testifying that he had taken the prosecutrix out on several automobile rides, was asked if on any of such occasions the defendant was with him, and the witness answered that he did not recall any such time or occasion.   Then he was asked by the state if he had not stated to a deputy sheriff that on the occasion in question the defendant was with him, and, over objections of the defendant, the witness answered that he had not; that he told the officer of being out with the prosecutrix, but not that the defendant was with him.   He further was asked if he did not tell the officer that he introduced the defendant to the prosecutrix as West, and, over objections of the defendant, he answered that he had not.

Still, as part of its case in chief, the state called the officer, and, on questions propounded to him by the district attorney, the officer, over objections of the defendant, answered that the witness made such statements to him.   And as part of its case in chief the state also called the persons to whom it was claimed that the prior witness, the young girl, made the statements that when she went to the automobile she was introduced to the defendant as West, and that he was in the front seat of the automobile, and, over objections of defendant, testified that the young girl had made such statements to them.

These rulings present the principal questions for review.

As a general proposition we think it may be said that the weight of authority is that, in the absence of a statute, a party may not impeach his own witness, and, if surprised by the testimony of a witness called by him, may, within the sound discretion of the court, be permitted to cross-examine the witness, put leading questions to him, refresh his recollection, and may even interrogate him as to prior statements inconsistent with his present testimony; but if the witness denies having made such inconsistent statements ordinarily may not call witnesses to show that they were made. Jones' Comm. Ev. vol. 5, §§ 553 to 855; 2 Elliott, Ev. § 985; 7 Ann. Cas. 1914B, 1120. The reasons therefor are generally stated to be: That a party ought not to be allowed to discredit his own witness; that after having placed him on the stand as a witness of credit he is estopped from showing that he is not entitled to credit; the danger that the jury will consider the contradictory evidence not merely as such, and as affecting the credibility, but as substantive evidence of the facts so prior stated or declared, and in a sense permit the jury to have before it and consider heresay         1 testimony; the danger of collusion; and irrelevancy.

The reasons are perhaps best stated in *Hurley* v. *State*, 21 N. E. 645, 46 Ohio St. 320, 4 L. R. A. 161. The rule in many jurisdictions is regulated by statute enlarging the common-law rule which generally forbade one showing prior inconsistent statements of his own witness. We have no such statute. However, from the authorities cited and the cases there noted, it will be seen that, independently of a statute, it has been held in a good many jurisdictions that a party calling the witness is not precluded from showing prior statements of the witness inconsistent with his present testimony, when the witness was an adverse party, or was directly interested, or was one required to be called, such as a subscribing witness, etc., or where the party calling him was deceived or a fraud practiced upon him, and in some instances where it was shown that the witness was only hostile and took the party calling him by surprise; but in such cases such authorities show that it must also be made to appear that the party calling the witness was prejudiced

## ERRATUM

UTAH REPORTS, VOLUME 66, PAGE 546.
One line has been omitted. Starting with line 12 the opinion should read:

Comm. Ev. vol. 5, §§ 553 to 855; 2 Elliott, Ev. § 985; 7 Ency. Ev. p. 23; 28 R. C. L. 644; notes to Murphy v. State, Ann. Cas. 1914 B, 1120. The reasons therefor are generally

by the testimony which the witness gave. The reasons permitting such contradictory evidence are perhaps best stated in *Selover* v. *Bryant*, 56 N. W. 58, 54 Minn. 434, 21 L. R. A. 418, 40 Am. St. Rep. 349. But the authorities admitting such contradictory evidence say that such evidence, of course, is not to be received or considered as substantive proof, or as evidence of the facts so stated or declared; but merely as explaining why the party calling the witness did so, and to repel any prejudice arising by his having done so.

The case of *State* v. *Scott*, 188 P. 860, 55 Utah, 553, 25 A. L. R. 497, is cited and relied on by the state as an authority justifying not only the right of the district attorney to cross-examine the witnesses called by him and to interrogate them as to prior inconsistent statements, but also in calling witnesses to show that such prior inconsistent statements were made. In that case it was shown that the district attorney was by the court below permitted to cross-examine a witness called by him, and to interrogate him concerning prior inconsistent statements which the witness denied having made, but the state was not permitted by the court below to call witnesses and show by them that such inconsistent statements were made. The appellant there complained of the ruling permitting the state to cross-examine such witness or witnesses and to interrogate them concerning inconsistent statements in the manner as was there done. This court recognized the general rule that one calling a witness may under some circumstances be permitted to cross-examine him and to call his attention to prior inconsistent statements, but held that under the peculiar circumstances there disclosed and the manner in which the cross-examination and inquiry were made prejudicial error was committed, and upon that, together with other grounds, reversed the judgment and remanded the cause for a new trial. In that connection this court, among other things, there said that, while a party may not impeach his own witness by showing that his reputation for truth and veracity is bad, nevertheless, in case the witness had made conflicting statements and misled or de-

ceived the party calling him to his prejudice, "may under certain circumstances produce the persons who heard him make the statements which conflict with his testimony and show by them what the witness said." But the court took pains to say that, "We have no such case here, however." Inasmuch as the state was not permitted to show that such inconsistent statements were made, it would seem that what this court said on that subject was not necessary to the decision. Still, all this court said about the matter is that, where a party calling a witness is "misled or deceived" to his prejudice, he may "under certain circumstances" show that the witness had made such prior inconsistent statements. But under what circumstances that could be done this court did not indicate. Though not necessary to the decision ,yet what this court stated in such particular may well be conceded and is well supported by judicial opinions. However, in the Scott Case, this court did not, nor do we now, find it necessary to lay down a rule as to just when and under what circumstances, if at all, a party calling a witness, if the witness denies having made prior statements inconsistent with his present testimony, may call witnesses and show that such statements were made. The decisions and judicial opinions as to when and under what circumstances that may be done are so at variance that we are not inclined to announce a rule in such particular in this jurisdiction until the necessities of a case require it. It is enough that we hold, as we do, that the circumstances of this case do not bring the state within anything said in the Scott Case or within the rule announced by courts permitting such contradictory evidence.

Here it was not sufficiently shown that the district attorney was even taken by surprise—by what the law terms surprise. True, he at the time asserted that he was surprised by the testimony; but, as disclosed by the record, about all that amounted to was that the witnesses did not testify as he had hoped or expected, or, as may be inferred, as he had been informed they would testify. Where a witness, prior to being called, states one thing to a litigant or to his counsel, and when called by him testifies to the contrary, or prior

thereto gave testimony at a preliminary or other hearing
or proceeding, or made statements in an affidavit or other
writing seen by the litigant or his counsel, at variance with
his present testimony, such litigant or counsel calling the
witness may well assert surprise. But not anything
of that kind is shown. Merely because a litigant or      .2
his counsel calling a witness may have been informed
that the witness if called would testify to certain matters
and on being so called did not so testify does not furnish
ground upon which to base a claim of surprise. No claim
is here made that the district attorney, in calling the witnesses
was misled or deceived, or entrapped, by them or by the
defendant. Nor was there anything made to appear that
the witnesses even were hostile. The district attorney no
doubt was informed—but he even did not state or claim
he was—that the witnesses called by him, if called, would
testify that the defendant was with the party at the time in
question, and that the prosecutrix was introduced to him as
West, and of course expected that they would so testify, but
they did not do so. That is about all there is to it; and not
anything is made to appear that the witnesses in such par-
ticular misled or deceived the district attorney. He no doubt
was disappointed in the testimony, but that is not enough.

So, under the circumstances, we think he was not justified,
over the defendant's objections, to even interrogate the wit-
nesses as to any prior variant or inconsistent statements made
by them, much less not justified in putting in the con-
tradictory evidence. For this let the judgment of the court
below be reversed and the cause remanded for a new trial.
Such is the order.

GIDEON, C. J., and THURMAN, FRICK, and CHERRY,
JJ., concur.